UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>                    Plaintiff,<br><br>        v.<br><br>STATE OF CALIFORNIA EDD<br>UNEMPLOYMENT INSURANCE, et al.,<br><br>                    Defendants. | No. 2:20-cv-01484-TLN-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS GRANTING IFP REQUEST AND DISMISSING WITHOUT LEAVE TO AMEND AND ORDER STAYING CASE<br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1    A claim may be dismissed because of the plaintiff's "failure to state a claim upon which
2    relief can be granted." Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) dismissal may be based on the
3    lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable
4    legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  In evaluating whether
5    a pleading states sufficient facts on which to base a claim, all well-pled factual allegations are
6    accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed
7    in the light most favorable to the non–moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977
8    (9th Cir. 2007).  The court is not, however, required to accept as true "conclusory [factual]
9    allegations that are contradicted by documents referred to in the complaint," or "legal conclusions
10   merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d
11   1061, 1071 (9th Cir. 2009).  Thus, to avoid dismissal for failure to state a claim, a complaint must
12   contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the
13   elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).
14   Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to
15   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly,
16   550 U.S. at 570).  Plausibility means pleading "factual content that allows the court to draw the
17   reasonable inference that the defendant is liable for the misconduct alleged." Id.

18   Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn.7
19   (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is
20   to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure
21   them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d
22   1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to
23   amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

24   Plaintiff alleges that the California Employment Development Department (EDD) and
25   three EDD phone representatives violated plaintiff's due process rights by not providing plaintiff
26   with Unemployment Insurance ("UI") benefits in a timely manner.  (See ECF No. 1.)
27   Specifically, plaintiff filed for unemployment benefits on June 6, 2020, subsequently called and
28   emailed EDD several time, and has not received benefits, which are still presumably pending.

(Id. at 6.)  Plaintiff filed the present suit less than two months later, on July 22, 2020.  (Id.)

This is not the first time plaintiff has filed a suit alleging constitutional violations due to a delay in UI benefits.  Under nearly identical facts as here, three years ago, Judge Claire recommended dismissing plaintiff's complaint:

> Plaintiff does not state a claim upon which relief can be granted, and his complaint must be dismissed. The law plaintiff relies on, 42 U.S.C.A. § 503 governs federal payments to state unemployment insurance programs and says, in relevant part, that the "Secretary of Labor may not certify payment of federal funds unless he first finds that the State's program conforms to federal requirements." 42 U.S.C.A. § 503(a)(1). The Supreme Court has recognized a private right of action under § 503. See California Department of Human Resources v. Java, 402 U.S. 121(1971). One of the requirements a state program must meet in order for the federal government to provide funding to an unemployment program is that the program must be reasonably calculated to insure full payment of unemployment compensation "when due." 42 U.S.C. § 503(a)(1). The Ninth Circuit has concluded that the "when due" statutory language, "when construed in light of the purposes of the Act, means the time when payments are first administratively allowed *as a result of a hearing of which both parties have notice and are permitted to present their respective positions*[.]" California Dep't of Human Res. Dev., 402 U.S. at 133 (emphasis added). Thus, payments are not "due" before an initial hearing is held, as plaintiff alleges. Further, § 503 does not set a time limit for a hearing to occur. Plaintiff does not cite any law or regulation requiring the completion of an unemployment hearing within 21 days of an unemployment application, and the court finds none. Even if there were a regulation setting such a deadline, that would not necessarily create a constitutional right to an eligibility determination within the specified time. For the foregoing reasons, plaintiff fails to state a claim upon which relief can be granted and the undersigned recommends his complaint be dismissed. The undersigned further recommends that leave to amend not granted in this instance because, in light of the facts at issue in this case, the complaint's deficiencies could not be cured by amendment. Noll, 809 F.2d at 1448.

Whitsitt v. Roy, 2017 WL 4124357, at *2 (E.D. Cal. Sept. 18, 2017).  This rationale is similarly applicable here.  As this court previously held, payments are not "due" before an initial hearing is held, and 42 U.S.C. § 503 does not set a time-frame for such a hearing.  Additionally, even if there was such a deadline, failure to meet it would not necessarily result in a constitutional deprivation, as plaintiff alleges.

Therefore, the court finds that plaintiff has failed to state a claim for which relief can be granted.  Additionally, due to the deficiencies outlined above, any amendment would be futile and

leave to amend should not be granted.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be GRANTED.

2. Plaintiff's complaint be DISMISSED without leave to amend.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations.  With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

Dated: September 21, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1484.whit