UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

Plaintiff,

v.

ANNA et al,

Defendants.

No. 2:20-cv-01484-TLN-KJN

**ORDER**

This matter is before the Court on Plaintiff William J. Whitsitt's ("Plaintiff") Motion for Reconsideration and Objections to the U.S. Magistrate Judge's Findings and Recommendations (ECF No. 5), which the Court construes together as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). For the reasons set forth below, Plaintiff's Motion (ECF No. 6) is DENIED.

///

///

///

///

///

///

///

## I. Factual and Procedural Background

Plaintiff, proceeding *pro se*, initiated this action on July 22, 2020. (ECF No. 1.) Plaintiff alleges the California Employment Development Department ("EDD") and three EDD phone representatives violated his due process rights under the Fourteenth Amendment by failing to provide him with unemployment insurance benefits in a timely manner. (*See generally id.*) Concurrently with his Complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 2.)

On September 22, 2020, the magistrate judge issued findings and recommendations recommending the Court grant Plaintiff's request to proceed *in forma pauperis* and dismiss the Complaint without leave to amend. (ECF No. 3 at 4.) In recommending dismissal, the magistrate judge noted Plaintiff previously filed a complaint with nearly identical facts three years prior, in which Plaintiff also alleged constitutional violations due to a delay in payment of unemployment benefits. (*See id.* at 3.) In that case, as here, the magistrate judge found the applicable statute governing federal payments to state unemployment insurance programs indicated that unemployment payments must be made "when due," and such payments are "due" after an administrative hearing. (*Id.* (citing 42 U.S.C. § 503(a)(1) (state unemployment program receiving federal funds must insure full payment of unemployment compensation "when due"); *Cal. Dep't. of Human Res. Dev. v. Java*, 402 U.S. 121, 133 (1971) ("when due" means the time when payments are first administratively allowed as a result of a hearing)).) Further, the relevant authorities do not set a time limit for a hearing to occur, thus the magistrate judge concluded Plaintiff failed to identify any constitutional right to an eligibility determination within a specified time. (*Id.*) On this basis, the magistrate judge found further amendment would be futile and recommended the dismissal be without leave to amend. (*Id.* at 3–4.) Plaintiff did not file any timely objections to the findings and recommendations and on November 3, 2020, the Court adopted the findings and recommendations in full and dismissed the action. (ECF No. 4.) Judgment was entered the same day. (ECF No. 5.)

On January 4, 2021, Plaintiff filed the instant motion for reconsideration pursuant to Rule 60(b). (ECF No. 6.)

## II. STANDARD OF LAW

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original) (internal quotations and citation omitted).

The Court may grant reconsideration under either Rule 59(e) or 60(b). *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment. *Rishor v. Ferguson*, 822 F.3d 482, 490–91 (9th Cir. 2016). Otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001). Here, Plaintiff's motion was filed more than 28 days after entry of judgment and is therefore construed as a motion for relief from final judgment under Rule 60(b). (*See* ECF Nos. 5, 6.)

Under Rule 60(b), the Court may relieve Plaintiff from a final judgment, order, or proceeding "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

///

A motion based on Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). With respect to subsections (1), (2), and (3) of Rule 60(b), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." *Id.* Rule 60(b)(6) goes further, empowering the court to reopen a judgment even after one year has passed. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship (Pioneer)*, 507 U.S. 380, 393 (1993). However, subsections (1) through (3) are mutually exclusive of subsection (6). *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)); *see also Reiner v. City of Los Angeles*, 185 F. App'x 643, 644 (9th Cir. 2006) (citations omitted) (noting that Rule 60(b)(6) is not a substitute for 60(b)(1)). Thus, a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). *Pioneer*, 507 U.S. at 393. Moreover, "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Id.* Denial of a Rule 60(b) motion ends the case. *Farraj v. Cunningham*, 659 F. App'x 925, 928 n.4 (9th Cir. 2016).

## III. ANALYSIS

Plaintiff brings his motion under Rule 60(b)(1), asserting his untimely objections should be considered due to excusable neglect and inadvertence. (ECF No. 6 at 2.) Plaintiff maintains he inadvertently "forgot about this matter" due to "another extremely important matter" that "completely engulfed" his time, but Plaintiff does not identify any specific circumstances. (*Id.*) Further, Plaintiff suggests his neglect should be deemed excusable due to his *pro se* status. (*See id.*) These explanations are insufficient to warrant reconsideration under Rule 60(b)(1).

The Ninth Circuit has identified "at least four factors" a district court should consider when evaluating whether neglect is excusable under Rule 60(b)(1): "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Farraj*, 659 F. App'x at 927–28 (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000); *Pioneer*, 507 U.S. at 395).

///

As to the first factor, the Court does not find Defendants would be prejudiced by reconsideration. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Akkelian v. Gevorkyan*, 833 F. App'x 467 (9th Cir. 2021) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment."). However, the Court also finds any prejudice to Plaintiff that would occur if relief is denied is negligible under the circumstances. The Court adopted the magistrate judge's findings that Plaintiff's claims were unmeritorious as a matter of law and could not be cured by amendment. (*See* ECF No. 4 (adopting in full findings and recommendations at ECF No. 3).) Plaintiff's motion is largely a reproduction of the allegations asserted in his Complaint. (*Compare* ECF No. 6 *with* ECF No. 1.) While some of Plaintiff's arguments are styled as "objections" to the magistrate judge's findings, in actuality Plaintiff is merely relitigating the arguments set forth in his Complaint. Further, Plaintiff does not identify any newly discovered evidence or intervening change in the controlling law, or otherwise argue the magistrate judge committed clear error in the findings and recommendations. *Marlyn*, 571 F.3d at 880. Nor does Plaintiff propose any amendments to his Complaint that would purportedly cure the previously identified defects. As such, the underlying Complaint is without merit.

As to the second factor, the length of the delay, the Court finds Plaintiff's motion was brought "within a reasonable time" in light of the circumstances.

As to the third factor, the Court cannot determine whether it favors Plaintiff because Plaintiff fails to identify the other "extremely important matter" that caused him to "forg[et] about this matter" and thus prevented him from objecting to the findings and recommendations. (*See* ECF No. 6 at 2); *see also Farraj*, 659 F. App'x at 928 (in action that was dismissed after plaintiff failed to oppose a motion to dismiss, waiting to receive supporting documents for the case did not constitute "excusable neglect").

As to the fourth factor, Plaintiff does not identify any actions taken in good faith or express any argument on the matter, but the Court cannot say there is any indication of bad faith. (*See* ECF No. 6 at 2.) Nonetheless, Plaintiff's reliance on his *pro se* status, without more, is also insufficient to justify reconsideration. *See Sattler v. Russell*, 840 F. App'x 214, 215 (9th Cir.

2021) (affirming denial of motion brought under Rule 60(b)(1) and (6), finding *pro se* status was not by itself an extraordinary circumstance and moving party offered no evidence that anything about his *pro se* status prevented him from timely prosecuting the action). In sum, the Court concludes Plaintiff fails to satisfy the requirements set forth by Rule 60(b)(1).

Alternatively, Plaintiff argues reconsideration is required "in the [i]nterest of [j]ustice" and to prevent manifest injustice, which appears to be asserted under Rule 60(b)(6). (ECF No. 6 at 2.) However, this argument is also unavailing as subsections (1) and (6) of Rule 60(b) are mutually exclusive remedies, with subsection (6) only applying to motions brought over a year after entry of judgment, where "extraordinary circumstances'" are present and the party is faultless in the delay. *Pioneer*, 507 U.S. at 393 (citing *Liljeberg*, 486 U.S. at 863 n.11); *Reiner*, 185 F. App'x at 644; *see also Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (explaining that Rule 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (internal quotations and citation omitted)). None of these conditions are met in the instant matter. Thus, Plaintiff also fails to satisfy the requirements set forth by Rule 60(b)(6).

For these reasons, Plaintiff's motion must be DENIED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 6) is hereby DENIED.

IT IS SO ORDERED.

DATED: July 30, 2021

Troy L. Nunley
United States District Judge